(Flagler *v.* Pleiss.)

---

| 3 R | 345 |
|---|---|
| d 26 SC | 478 |

[PHILADELPHIA, FEBRUARY 2, 1832.]

## FLAGLER *against* PLEISS.

. IN ERROR.

Parol evidence is admissible to prove, that by the original contract for the sale of a lot of ground then enclosed by a fence, the whole was intended to be embraced, but that the vendor fraudulently omitted a part of it in the articles of agreement and deed subsequently executed between the parties.

ERROR to the District Court for the city and county of *Philadelphia.*

The plaintiff in error, *Mary Ann Flagler*, was plaintiff below in an ejectment against *John M. Pleiss* to recover four feet of ground, alleged to have been sold to her by him as part of a lot of ground with the messuage thereon erected, at the south east corner of *Garden* and *Callowhill Streets*, and fraudulently omitted in the articles of agreement entered into between them on the 20th of *May*, 1826, and in his deed to her, of the 12th of the following *June.* The error assigned in this court was the rejection, by the court below, of evidence offered for the purpose of proving the alleged fraud.

(Flagler *v.* Pleiss.)

After argument by *Norris* for the plaintiff in error, and *Rawle* for the defendant in error, the opinion of the court, in which the circumstances of the case are sufficiently stated, was delivered by

GIBSON, C. J.—This is a plain case. A purchase is made of a lot which at the time, is enclosed. The enclosure contains in depth fifty-one feet, but the lot without having been measured by the purchaser, is described in the articles as well as in the conveyance, as containing but forty-seven. The purchaser takes possession of all within the enclosure, but the vendor subsequently removes the fence so as to exclude four feet of the original lot, insisting that the purchaser still has all that her conveyance calls for. The purchaser brings an ejectment, and offers parol evidence of the circumstances and original terms of the bargain, which is rejected, because the terms had been reduced to writing and consummated by the acceptance of a conveyance. If deception and practice on the plaintiff's ignorance throughout the course of the business, were not alleged, the deed would undoubtedly be satisfaction of all previous stipulations, and parol evidence could not be given to contradict it or the articles. But it was surely competent to the purchaser to show that there was fraud and deception throughout, as well as in the preparation of the articles as of the deed, and that she was drawn in to execute the one, and accept the other, through artifice and ignorance of the fact, that they described the property falsely, and not as she had purchased it. It is no objection to say, that as she might have had the contents of the ground ascertained beforehand, she was bound to judge, whether the writings included all that met the eye. It is but a poor excuse for an advantage taken, that the probity of him who has practised it, was imprudently confided in. It would be improper to forestall the opinion of the jury, before whom the cause is to come, and it is therefore remitted to the court below, simply with a direction in favour of the competency of the evidence.

Judgment reversed and a *venire de novo* awarded.