# Bartle *versus* Vosbury et al.

1. When fraud, accident, or mistake is made clearly to appear in a written instrument, it may, by parol evidence, be made to conform to the ascertained intent of the parties to it.

2. A vendee of land on which a survey had not been closed, may show by parol that at the time of the purchase the vendor represented that the deed "would and should" extend over and cover certain specified land, upon which representation the vendee relied, and had the deed reformed accordingly.

ERROR to the Court of Common Pleas of *Susquehanna County*.

Trespass *quare clausum fregit*.

*R. B. Little*, for plaintiff in error. –

*Bentley* and *Fitch*, for defendants in error, cited *Kennedy* v. *Plank Road Co.*, 1 Casey, 224; *Collam* v. *Hooker*, 3 Rawle, 108; *Beeson* v. *Hutchinson*, 4 W. 442; *Seitzinger* v. *Ridgway*,

4 W. & S. 492; *Sennett* v. *Johnson*, 9 Barr, 335; *Stubb* v. *Stubb*, 3 Barr, 265; *Woods* v. *Wallace*, 10 H. 171.

The facts sufficiently appear in the opinion of the court, delivered May 11, 1859, by

THOMPSON, J.—Every case calling for the reformatory action of courts, although variant in point of fact, to an indefinite degree, must be tested by some fixed principles or rules. Fraud, accident or mistake, is the general principle standing at the threshold of almost every such undertaking, and when either is clearly made to appear, the instrument may be made to conform to the ascertained intent of the parties to it.

As this result is often, if not always to be arrived at through the medium of parol evidence in conflict with written, it is a difficult and delicate branch of jurisprudence, to be administered only on the clearest evidence.

The case before us is one of this class. The plaintiff claimed that her deed covered the *locus* whereon the alleged trespass was committed—that she accepted it from her vendor, one of the defendants, upon his representation to her " that it would and should" reach to a certain fence, which would include the land in controversy, but it did not, as was afterwards ascertained. The deed is the only evidence of a contract between the parties before us. These facts she offers to prove, but the court rejected her offer, and, as the land was not embraced within the deed, she failed to recover. The rejection of this evidence is the sole error.

May a deed so accepted be reformed? In dealing with the offer we must treat it here as representing facts existing, and which could be proved. The deed was for fifty acres, and it is not alleged that this was not the exact amount and number of acres agreed to be conveyed. It was described by existing lines on three sides, actually run upon the ground, and called for a south "line to be run so far south from the north line, and parallel therewith, as to include fifty acres of land." This was to be the closing line of the survey, but not actually run. The plaintiff had the deed for examination a week or so, when she objected to the description, averring that she did not understand it, and did not know whether the fifty acres so run would come up to the fence. Corbett, in the most positive manner, assured her that it "would and should" come to that fence— that that was the line of the mill farm that he had before agreed to sell, and that the deed embraced it. Then she accepted it and went into possession, under it, of the mill lot; this the plaintiff offered to prove. Taking these words as true, do they not constitute a basis for a reform of the deed on the ground of fraud? Here was a representation that a deed

contained what it did not contain, and what the defendant, Corbett, had agreed it should contain—the precise land in dispute, and an acceptance of it on these representations. That it was a material fact may scarcely be doubted. This is not only evidenced by the amount of land, but from the fact that both treated it as if material.

That Corbett may not have been aware it was misrepresentation on his part, is of no consequence, if by it the plaintiff did what she would not otherwise have done, and was injured by it. *Fisher* v. *Worrall*, 5 W. & S. 483; *Jones' Appeal*, 8 W. & S. 151; *Tyson* v. *Passmore*, 2 Barr, 122. The effect is the same on the party deceived, whether the representation be erroneous or fraudulent. *Pennock* v. *Taylor*, 5 Har. 450.

That a contract or a deed may be reformed, or what is the same thing, it may be held to include all that the purchaser supposed he was buying, and the seller represented he was selling, when there is fraud and misrepresentation, is well settled. 1 Story E. 213, sec. 197; *Tyson* v. *Passmore*, 2 Barr, 122; *Flagler* v. *Pleiss*, 3 R. 345. It is undoubtedly true that a deed is usually a consummation of the contract for the purchase and sale of land, and to distrust its terms, it must be shown that the parties were not dealing at arms' length, in which case each is to look out for himself; but that a relation of confidence existed between them, to superinduce a reliance of the one on the representation of the other. This may arise either from want of equal opportunity to be informed, or it may be assumed by either of the contracting parties, and in either case the effect is the same. The misrepresentation will either effect a rescission of the contract to prevent fraud, or an affirmance of it in accordance with the representation. And of the last sort were the cases of *Flagler* v. *Pleiss* and *Tyson* v. *Passmore*. In the former of these cases there is much resembling the case in hand. The plaintiff bought a lot at the corner of Garden and Callowhill streets, Philadelphia, which was inclosed, but she purchased it described as containing forty-seven feet front, and took a deed for it so describing it, whereas it contained fifty-one feet front. The vendor removed the fence four feet, after the delivery of the deed, and took possession of it. The vendee, Mrs. Flagler, brought ejectment, and recovered the four feet. The opinion of Gibson, C. J., is so apposite as doctrine in this case, that I quote it at length. He says: "If deception and practice on the plaintiff's ignorance through the course of business, were not alleged, the deed would undoubtedly be a satisfaction of all previous stipulations, and parol evidence could not be given to contradict it, or the articles. But it was surely competent for the purchaser to show that there was fraud and deception throughout, as well in the preparation of the articles, as of the deed, and that she

was drawn in to execute the one and accept the other through artifice and ignorance of the fact that they described the property falsely, and not as she had purchased it. It is no objection to say, that as she might have had the contents of the ground ascertained beforehand, that she was bound to judge whether the writings included all that met the eye. It is but a poor excuse for advantage taken, that the fidelity of him who practised it was imprudently confided in." Had not Corbett assumed to speak the truth, the plaintiff would have been bound to have ascertained whether the deed contained the land or not, but he did so assume, and if the fact is believed by the jury, and that she did buy to the fence, and did accept the deed on the misrepresentation that it was included, she may hold to that extent; but to have this effect, the proof must be clear, and its medium indisputable.

This class of cases differs from that of *Kennedy* v. *The Erie & Wattsburg Plank Road Co.,* 1 Casey, 224, and others of the same class since decided. Where the effort was to prove that the contract was different from that put in writing at the time it was written, and to contradict the writing, not on the ground of anything having been left out, but that the contract was different from the writing. There is a plain distinction between such cases and this. To say that the rejection of the testimony was right, would be to deny a right to reform or to hold as reformed, deeds and contracts accepted through misrepresentation. And this would overturn much well settled law. It is not an answer to say that the plaintiff may by this means get fifteen acres more land than she bought. Mrs. Flagler did the same thing. But wrong may be guarded against in all such cases by requiring clear proof that the portion left out was a material inducement to the purchase, as well as the misrepresentations of the one party and reliance upon the other. If Mrs. Bartle purchased because she wanted the land to the fence, and Corbett assured her that the line would and should come to that point, and upon these grounds she accepted the deed, she may hold it to this extent. Who can tell whether she would have given the price unless under this assurance? *The evidence in the offer should have gone to the jury.* In *Willis* v. *Schwartz,* 4 Casey, 413, the case mainly turned on the equity of improvements. This was all that was needed to carry that case for the defendant. He had built his house upon the mistake of his vendor, and having expended his money by his encouragement, he could not disturb him. The doctrine was invoked here, but there was little foundation for it to work upon. The proof was that some brush had been cut away by the plaintiff's direction, but to what extent does not appear. It was also proved that the plaintiff harvested the grass which grew

upon it for one year, but this was a benefit rather than a disadvantage.

We think this case must go back for a retrial, for the reasons given.

Judgment reversed, and' <em>venire de novo awarded.</em>