# Hymen, Appellant, *v.* Gatta.

*Deed—Unrecorded deed—Possession—Notice.*

An unrecorded deed, with possession taken thereunder and maintained, is sufficient notice to subsequent purchasers.

Where a deed calls for the line of a railroad right of way, and there is no evidence to establish any monuments or marks on the ground, the call in the deed prevails.

Where there are no marks or monuments on the ground, the location of a line called for in a deed must be fixed by surveying the courses and distances.

Argued March 5, 1907.    Appeal, No. 14, March T., 1907, by plaintiff, from judgment of C. P. Sullivan Co., Dec. T., 1905, No. 81, on verdict for defendant in case of Louis J. Hymen, now to use of Nettie Hymen v. Louis Gatta and Jennie Gatta. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Ejectment for land in Cherry township. Before TERRY, P. J. The opinion of the Superior Court states the case.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*E. J. Mullen,* for appellant.—Where there are no monuments upon the ground to indicate the boundaries of a railroad company's right of way, and there is no survey on record or elsewhere to define such boundaries, the extent of the actual occupancy must determine the limits of the right of way: Zahn v. Railway Co., 184 Pa. 66.

The outstanding title which a defendant in an ejectment may set up to protect his possession must be such as would be available in favor of the party in whom it is alleged to exist: Wray v. Miller, 20 Pa. 111 ; Riland v. Eckert, 23 Pa. 215 ; Foust v. Ross, 1 W. & S. 501 ; Putman v. Tyler, 117 Pa. 570.

Even if the better outstanding title be shown by the evidence of the plaintiff himself, he must fail in his suit: Kennedy v. Skeer, 3 Watts, 95.

*J. G. Scouton*, for appellee.—Possession of land is always constructive notice of the actual title of the person in possession : Harris v. Bell, 10 S. & R. 39 ; Krider v. Lafferty, 1 Whart. 303 ; Barnes v. McClinton, 3 P. & W. 67 ; Coleman v. Reynolds, 181 Pa. 317 ; Rook v. Greenwalt, 17 Pa. C. C. Rep. 642.

That a railroad company has a right to the exclusive possession of the land embraced within its right of way cannot be doubted : Pittsburg, etc., Railway Co. v. Peet, 152 Pa. 488 ; City of Reading v. Davis, 153 Pa. 360.

The controlling question in this case is as to the boundary of the railroad company's right of way. All the evidence upon that subject places the line thirty-three feet from the center of the track.

OPINION BY MORRISON, J., April 15, 1907 :

At the trial of this action in ejectment the learned court gave a binding instruction in favor of the defendants, and having entered judgment thereon the plaintiff, Nettie Hymen, appealed. The question is, was the learned court warranted in giving a binding instruction in favor of the defendants ? In our opinion the instruction was right, and the case is controlled by a few well-settled principles of law.

In 1858, John A. Funston became the owner of a small tract of land in Cherry township, Sullivan county, of which the lot in dispute is a part. In 1870 or 1871, while Mr. Funston was still the owner of said land, the State Line & Sullivan Railroad, now operated by the Lehigh Valley Railroad Company, was located across said land, and its right of way has been occupied and maintained ever since. The width of the railroad right of way seems to have been fixed at sixty-six feet, and the boundaries established, as shown by the testimony of surveyor Smith, who was one of plaintiff's witnesses. About the time the railroad was constructed Mr. Funston plotted his land, and upon that plot allowed sixty-six feet for the railroad right of way. In the conveyance of his plotted lots Mr. Funston called for the railroad grant as an adjoinder. The land claimed by the plaintiff is supposed to lie between the line of the railroad grant and the line of a lot of land conveyed by John A. Funston and wife to John Schaad, by deed dated July 14, 1894 ;

that deed describes the land by metes and bounds, and plainly calls for the line of the right of way of the railroad as an adjoinder. Buildings were erected on the Shaad lot, and the defendants were in possession thereof at the time of the bringing of this suit, and for several years prior thereto, and prior to the date of the deed from Charles. W. Funston, attorney in fact, for the land described in the plaintiff's writ. The latter deed was dated August 22, 1905, and it purports to convey a strip of land bounded, on the one side, by the line of the Schaad lot, and on the opposite side by a ditch which the plaintiff alleges is the boundary line of the railroad company's right of way. There was some contention at the trial as to whether the railroad right of way was sixty-six feet wide or a less distance. If, as testified to by surveyor Smith, the true railroad line was thirty-three feet from the center of the tract, then the buildings on the Schaad lot are partially located on the railroad premises.

The plaintiff contends that she has a good title to the land described in the deed of August 22, 1905, because the deed to Schaad of July 14, 1894, had not been recorded at the date of her deed. But buildings were erected on the Schaad lot long before August, 1905, and these buildings were occupied by the defendants. Therefore, it became the duty of the plaintiff, when about to purchase the land described in the deed of August 22, 1905, to inquire of the occupants of the Schaad lot as to the nature and character of their title and possession.

An unrecorded deed, with possession taken thereunder and maintained, is sufficient notice to subsequent purchasers. It is to be presumed that if the plaintiff had inquired of the defendants she would have been informed of the unrecorded deed to John Schaad: Krider v. Lafferty, 1 Wharton, 303 ; Harris v. Bell, 10 S. & R. 39.

It is conceded that the plaintiff's deed of the land in question is under John A. Funston's title ; in other words, that the John Schaad deed and the one to Lewis J. Hymen are from a common source of title. We think that the plaintiff's witness, surveyor Smith, clearly established that there was no vacant land between the Schaad lot and the right of way of the railroad company ; that John A. Funston, in his lifetime, recognized the right of way of the railroad company is beyond all

question of dispute. The deed to John Schaad plainly calls for the line of the railroad right of way. Therefore, it is immaterial what the width of the right of way actually is, and it is equally immaterial what the depth of the Schaad lot is, because the evidence does not establish any monuments or marks on the ground to stop the lines of the Schaad lot from running to the railroad line—the call in the deed.

The proposition that where there are no marks or monuments on the ground, the location of a line called for in a deed must be fixed by surveying the courses and distances, is settled by a long line of cases, from Blasdell v. Bissell, 6 Pa. 258, to Marcy v. Brock, 207 Pa. 95. Those cases just as clearly settle the law that where there are actual lines of demarcation fixed on the ground they must control. See Eshleman v. Rankin, 32 Pa. Superior Ct. 254.

When John A. Funston conveyed to John Schaad by a deed calling for the railroad right of way as a boundary, there being no other marks or monuments to fix the line, it must go to the railroad line, and, therefore, we are not concerned whether the railroad company is limited by the ditch referred to by the witnesses or by a line extending thirty-three feet from the center of its track. In our opinion, the defendants established an outstanding title under the deed to John Schaad which covered the land in dispute, and this clearly appeared from all of the testimony in the case, and, therefore, the learned court did not err in directing a verdict for the defendants and entering judgment thereon.

The assignments of error are dismissed and the judgment is affirmed.