## Marino *v.* Moffa, Appellant.

*Deeds—Boundaries—Metes and bounds—Monuments—Fence.*

Where the owner of a city lot abutting front and back on two streets, and having a house built on both the front and back of the lot, executes two deeds to different persons on the same day for separate portions of the lot, and describes the dividing line between the two divisions of the lot by courses and distances, with the added words in one of the deeds "extending in length......more or less," a fence extending across the lot near its middle, of a temporary nature, and with nothing to indicate that it was intended to divide the lot into definite parcels, will not control the calls in the deed.

The words "more or less" have been frequently construed as words of safety and precaution, intended to cover some slight or unim-

portant inaccuracy, not so gross as to justify a suspicion of wilful deception or mistake amounting to fraud, and of which the purchaser takes the risk as to quantity.

Argued Oct. 5, 1917. Appeal, No. 151, Oct. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1916, No. 228, on pleadings in case of Domenico Marino and Elvira Marino v. Agostino Moffa and Maria Incoronata, his wife. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Ejectment for strip of land in the Third Ward of the City of Philadelphia.

The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for plaintiffs on the pleadings.

*George C. Muhly,* for appellants.—In order for the appellees to maintain their title they must show by preponderance of evidence that the title to the strip or parcel of land was in them.

In the case of Page v. Simpson, 188 Pa. 393, the appellees before they can recover must sufficiently identify the land sued for or the identification must be such that a competent surveyor could locate the land and the evidence must be definite and must not permit the court or jury to reach a determination by way of speculation: Hagey v. Detweiler, 35 Pa. 409; Kountz v. O'Hara St. Ry. Co., 48 Pa. Superior Ct. 132.

*Philip Herrman,* with him *Buckman & Buckman,* for appellee.—Where no monuments or marks on the ground are called for in a deed, the calls of the deed must control unless it be proved by sufficient evidence that the parties agreed upon a fixed line on the ground: Eshle-

man v. Rankin, 32 Pa. Superior Ct. 254; Breneiser v. Davis, 134 Pa. 1.

The words "more or less" as used in Pennsylvania have been employed to approximate quantity where acreage is involved, and in conjunction with mentioned boundaries when applied to distances. There are no cases in this State where there has been a construction placed on the phrase when used in connection with distances only: Triplett v. Allen, 26 Gratt (Va.) 721; Hoffman v. Johnson, 1 Bland (Md.) 103.

OPINION BY ORLADY, P. J., March 2, 1918:

David E. Simon was the owner of a city lot fronting on Tenth street and extending of equal width to Delhi street, the length of the lot being 69 feet and 95⁄8 inches. On November 21, 1902, he sold a part of the lot fronting on Tenth street to Marino and wife, describing it "containing in front or breadth on said Tenth street, 14 feet, 3 inches, and in length or depth, 46 feet, 6 inches, more or less, to other ground of David E. Simon." On the same day he executed a deed to the defendant's predecessor in title, for a lot or piece of ground fronting on Delhi street, and described it as "containing in front or breadth on said street 14 feet, 3 inches,—and extending of that width in length a depth of 23 feet, 6 inches, more or less, to the other ground of said David E. Simon."

The plaintiff brings this action of ejectment, giving the boundaries of the land claimed by him in detailed measurements of feet and inches, and describing certain improvements on the property at the time of his purchase. After the plaintiff's declaration with abstract of title, and the defendant's answer and plea had been filed, the plaintiff moved for judgment upon the pleadings, which was not resisted by the defendant. After hearing, a judgment was entered by the court in favor of the plaintiff. While there is some confusion in the dividing lines between these two parcels, there is nothing in the defendant's answer to challenge the detailed measurements

defining the plaintiff's title, and he elected to have the question decided on the pleadings as presented.   The fences and buildings erected by Simon when he was the owner of both parcels of property, were of a temporary nature, erected to suit his convenience.   There is nothing in the pleadings to indicate that they were intended as monuments to divide the properties into defined parcels.   Unless such an intent is clearly shown, the calls in the deed must control and the description as fixed by Simon determined the limit of each title: Eshleman v. Rankin, 32 Pa. Superior Ct. 254; Hymen v. Gatta, 33 Pa. Superior Ct. 438.   The words "more or less" have been frequently construed as words of safety and precaution, intended to cover some slight or unimportant inaccuracy, not so gross as to justify a suspicion of wilful deception or mistake amounting to fraud, and of which the purchaser takes the risk as to quantity.   Many authorities are given in 5 Words and Phrases, 4585, and 3 Words and Phrases (N. S.), 446.   As we have nothing before us but the pleadings, and the plaintiff's declaration sufficiently identified the land sued for to enable a competent surveyor to locate it by following the description given therein, the defendant's answer, of a suggested intention of the original grantor to define his holding by a temporary fence line, does not sufficiently aver a defense to defeat the plaintiff's motion for judgment.

The judgment is affirmed.