John Bright, L. T. Borchers and H. A. Jameson, doing business as the J. B. & B. Oil Company, *v.* B. V. Siggins, M. J. Walkerman, C. J. Siggins and W. J. Knupp, Appellants.

*Practice, C. P.—Affidavit of defense—Violation of written contract.*

A written contract, simple in form, plain and unambiguous in terms and clear in intent had been executed, and performance by the plaintiff acquiesced in by defendants. In a suit on the written contract the affidavit of defense set up the following defenses :

An antecedent oral agreement for which the written contract was substituted, as alleged, after objection and upon alleged threat of breach of the oral contract by the plaintiff; and execution induced by a statement made by plaintiff to one defendant that the other defendants, who had previously signed, were satisfied with the terms of the written contract, the affidavit also alleging damages for the breach of the oral contract as a set-off to the sum sued for under the written contract. *Held,* (1) that the affidavit was insufficient as not alleging such fraud as would warrant avoiding the written contract, and (2) that if the case had been on trial and the plaintiff had offered this written contract in evidence and defendants had made an offer embodying the facts alleged in the affidavit of defense the court could not have received the evidence.

Argued May 19, 1896. Appeal, No. 23, April Term, 1896, by plaintiff from judgment of C. P. Warren Co., March Term, 1895, No. 72, for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before NOYES, P. J.

Rule absolute for $112.74.

The facts are stated in the opinion of the Superior Court as follows :

The plaintiffs in the court below in an action of assumpsit filed their statement in which was set forth an agreement in writing simple in form, plain and unambiguous in terms and clear in intent, signed by the defendants, who are the appellants here, in and by which the plaintiffs agreed to furnish to the appellants water to be used in drilling an oil well. The

defendants filed their affidavit of defense, in which they alleged that the written agreement was not in exact accordance with a previous parol contract concerning the same subject-matter; that they had objected to signing the written agreement at the time, because of the difference between it and the previous parol contract; that four of the appellants signed the said written agreement under the threat " that, if the said writing was not signed, the water would be shut off; they told said Bright that they would sign the said paper on condition that the same should not be binding until he had shown it to W. J. Knupp. and that he should be satisfied said writing was like their original agreement and would be willing to sign it, and upon that condition and subject to that condition they signed the said paper; " that one of the plaintiffs produced the said writing to said Knupp at Warren " and asked him to sign it, which said Knupp at first declined to do, because it was not in accordance with the said oral agreement which had been previously entered into for the furnishing of the water. Said Bright then declared said writing was satisfactory to the other defendants, and, if it was not signed by this deponent, that he, Bright, would shut off the water from the defendants' said well. Upon the representation of said Bright that said writing was satisfactory to the other defendants, and the said threat of shutting off the water from said well, this deponent signed the said agreement and he avers that he would not have signed it but for such representation and to prevent the water from being shut off from said well." It is not denied that water was furnished to the appellants under the said agreement and in accordance therewith, until their well was finished, both parties acting under and in pursuance of the terms of the said written agreement. It is alleged, however, by the appellants in their affidavit of defense that, after the well was finished, they discovered that Bright, one of the plaintiffs, had misrepresented the facts as to the four appellants who had first signed the agreement being satisfied therewith and that, in consequence of these misrepresentations, the fifth appellant had been induced to sign the agreement.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

108    BRIGHT et al. *v.* SIGGINS, Appellant.

Arguments—Opinion of the Court.    [2 Super. Ct.

*D. I. Ball*, with him *W. J. Knapp*, for appellant.—Since the written agreement was procured through this fraudulent suppression and misrepresentation, parol evidence is admissible to prove the agreement, even though it contradicts the terms of the writing: Honesdale Glass Company v. Storms, 125 Pa. 268.

And this fraud justified the defendants in rescinding the writing submitted by Mr. Bright, and falling back upon the original parol agreement between the parties: Croyle v. Moses, 90 Pa. 250.

Damages arising out of the breach of a contract may be set off: Nixon v. McCrory, 101 Pa. 289; Halfpenny v. Bell, 82 Pa. 128; Hunt v. Gilmore, 59 Pa. 450.

*W. E. Rice*, of *Hinckley & Rice*, for appellee.

OPINION BY BEAVER, J., July 16, 1896 (after stating the facts as set out in the above statement):

The original parol contract as set forth by the appellants in their affidavit of defense was indefinite, inasmuch as the price at which the water was to be furnished for drilling and operating the oil well which appellants proposed to drill was not definitely fixed. The written agreement was prepared doubtless to remedy this defect. The alternative was presented to the appellants of either signing the agreement or of having the water shut off. They preferred the former. There is no allegation that the four who signed upon the premises were dissatisfied after explanation had been made to them, and the fact that the agreement was satisfactory to them was evidenced by their signing it. They provided, as is set out in the affidavit that the agreement should not be binding, until it had been shown to Knupp, their associate, and that he should be satisfied said writing was like their oral agreement and should be willing to sign it. There is nothing said here in regard to the dissatisfaction of those who signed at the time and it would seem that the plaintiff who showed the paper to Knupp was warranted in alleging that the other appellants were satisfied therewith, because of their having signed it. There is, in our opinion, no such fraud alleged in the affidavit as would warrant the avoiding of the contract. If the case had been upon trial and the plaintiff had introduced his written agreement in evidence and

the defendants had made an offer embodying the facts alleged in their affidavit of defense, we do not see how the court could have received the evidence. It would have been incompetent to affect the rights of the plaintiffs, in view of the fact that the agreement was in writing and had been fully carried out. Mr. Justice WOODWARD, in Barnhart v. Riddle, 29 Pa. 92, says: " So long as parties call on courts of justice to administer their contracts, they must expect them to be administered as nearly as may be according to the very intention and understanding that were present in the minds of the parties, when the contract was signed, and to this end courts take the language employed and apply it to the surrounding circumstances exactly as they believe the parties applied it; in other words, they hold to the rule that plain and unequivocal terms shall not be altered by parol but that such explanations of the subject-matter may be proved as will give those terms the intended effect." It is very clear from the terms of the affidavit of defense that the appellants signed the agreement rather because they feared the water might be shut off from their operation than because of any difference between the parol and written contracts. They could have refused to sign the written agreement, accepted the threatened consequences of having the water shut off from their well by the plaintiffs and pursued their remedy for the violation of the alleged oral agreement. They chose however to sign the written contract; and having done so and accepted the benefits of it, they are bound by it and it should be enforced. It follows that the rather indefinite claim for damages for the failure to furnish water under the parol contract cannot in any view of it be sustained.

The claim for damages, by reason of the burning of the boiler, is also untenable, for the reason that appellants had the exclusive control of their own boiler and could have prevented any accident occasioned to it by reason of a scarcity of water, the supply of which might or might not have been under the control of the plaintiffs.

Upon all grounds, therefore, we are of opinion that the court below was correct in deciding that the affidavit of defense was insufficient, and the judgment is therefore affirmed.