## J. W. Lewis and James M. Irwin, trading as Lewis & Irwin, to the use of James M. Irwin *v.* Henry C. Dunlap, trading as Dunlap Printing Company, Appellant.

*Contracts—Presumption—Fraud.*

Written contracts are presumed to express the real agreements of the parties and are not to be lightly set aside on vague allegations and uncertain inferences of fraud.

*Practice, C. P.—Insufficient allegation of fraud.*

A man cannot ask to be relieved from his written contract, upon the ground of fraud practiced upon him in the execution of it, without specifically alleging facts from which the fraud may be clearly and indubitably inferred; a fortiori is this true where he fails to exercise common prudence and neglects to read an instrument which lay open before him when he signed it, and terms of which were unambiguous.

Argued Oct. 12, 1897. Appeal, No. 87, Oct. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1897, No. 953, for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, SMITH and PORTER, JJ. Affirmed.

Appeal from judgment of magistrate in an action of assumpsit.

The plaintiff claimed a certain royalty for a certain patented improvement on books, the payment of which was agreed by the written contract executed by the defendant, by which agreement the defendant contracted to use the patented improvement for the full term for which letters patent had been granted and to pay for the use of the same upon not less than one hundred books per annum, a royalty of twenty-five cents per book.

The defendant filed the following affidavit of defense:

"Henry C. Dunlap the above named defendant being duly sworn doth depose and say that he has a just and true defense to the whole of the plaintiff's claim in the above suit of the following nature and character:

"Deponent says that plaintiff, James M. Irwin, solicited deponent to make use of a certain alleged improvement in book binding for which letters patent had been issued to the said Lewis & Irwin and presented to deponent the contract in suit, which said plaintiff stated to deponent was a contract permitting deponent to use said patented improvements for the period of one year by the payment of the sum of twenty-five dollars ($25), and relying upon the statement that said contract was for one year only, deponent signed said contract without reading it and paid the said sum of twenty-five dollars ($25). Deponent further says that the said patented improvement was worthless and useless to him in his business and that he discontinued the use of it before the expiration of the year for which he had paid, and did not use all of the royalty stamps which had been sent to him by plaintiff to be pasted in the books manufactured under said patented improvement, and that the stamps which were sent to deponent by said plaintiff for that purpose at the beginning of the second year were all returned by deponent to said plaintiff; and deponent further says that he has made no use whatever nor has he manufactured any

books with said patented improvement except during a portion of the year for which he paid as above stated: all of which deponent says is true and he expects to be able to prove the same upon the trial of this cause."

The court below entered judgment in favor of the plaintiff and damages were assessed at $26.28. Defendant appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*Avery D. Harrington,* for appellant, cited, inter alia, Land and Improvement Co. v. Mendinhall, 4 Pa. Superior Ct. 398; Brown v. Eccles, 2 Pa. Superior Ct. 192; Braunschweiger v. Waits, 179 Pa. 47.

*Samuel W. Cooper,* for appellee, relied on Hand v. Russell, 1 Pa. Superior Ct. 165.

PER CURIAM, November 8, 1897:

In Greenfield's Estate, 14 Pa. 489–496, Chief Justice GIBSON said, (and Mr. Justice SHARSWOOD quoted the declaration with approval in Penna. R. Co. v. Shay, 82 Pa. 198): "If a party who can read will not read a deed put before him for execution; or if, being unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence, . . . ." This is undoubtedly true where the parties stand on an equal footing, and deal at arms' length; and all we shall say here has reference to such a case only. But, says the defendant's counsel, a man cannot plead the other party's negligence as a condonation of his own fraud. Let this be granted; but it is to be remembered, on the other hand, that a man cannot ask to be relieved from his written contract, upon the ground of fraud practiced upon him in the execution of it, without specifically alleging facts from which the fraud may be clearly and indubitably inferred; a fortiori is this true where he has failed to exercise common prudence. If he alleges that the fraud consisted of a misrepresentation of the contents of the instrument, which lay open before him when he signed, and the terms of which are unambiguous, and if no other trick or artifice was resorted to to prevent him from reading it, and if fraudulent intent is not

alleged, it ordinarily ought to appear that the representation clearly bore the construction he put upon it, or that it was intended to be taken by him in that sense, or that the other party knew, or ought to have known, that he was taking it in that sense. Otherwise he is in no better plight, and is no more entitled to relief, than one who signs an instrument which clearly expresses a different meaning from that which was in his mind.

The defendant swears that "relying upon the statement that said contract was for one year only, deponent signed said contract without reading it." But this was not what the plaintiff stated; it is merely the defendant's construction of what he stated. The statement actually made was capable of being construed to mean, and probably did mean, that the contract permitted the use of the patented improvements for $25.00 a year. The plaintiff did not say that the contract was "for one year only," and there is no allegation that such was the preliminary agreement. Without any other inducement whatever, the defendant saw fit to place his own construction upon the plaintiff's loose, and, perhaps, ambiguous statement, and to sign the contract without further inquiry, and without reading it or asking to have it read. He could not do this, and after he found that the contract was unprofitable, successfully assert that a fraud was practiced upon him, without alleging and proving more than is contained in this affidavit. Written contracts are presumed to express the real agreements of the parties, and are not to be lightly set aside upon vague allegations and uncertain inferences of fraud. We are all of opinion that fraud cannot be clearly and indubitably inferred from the facts alleged in the affidavit; therefore the court was right in adjudging it to be insufficient.

Judgment affirmed.