# Schmitz v. Roberts, Appellant.

*Deceit—Vendor and vendee—Misrepresentations—Fraud—Evidence.*

Where the purchase of real estate is fully closed by conveyance and payment or security of the purchase money, the law is well settled that a vendee who does not offer to rescind and reconvey the property to his vendor can only recover where his evidence makes a clear, strong case. Where he holds fast to the property purchased and seeks to recover back a portion of the purchase money or damages, there is a strong presumption that his deed conveyed what he purchased and the burden rests heavily upon him to overcome this by sufficient testimony. The law will not permit him to recover in such case on weak and unsatisfactory evidence.

In an action in deceit to recover damages alleged to have been sustained through misrepresentations in connection with the sale and conveyance of a lot of land, it appeared that plaintiff occupied the land in question prior to the agreement of sale. In the contract of sale, one of the lines was mentioned as being 189 feet. The contract contained these words "accurate description to be furnished by Chester E. Albright, C. E." Subsequently Mr. Albright prepared an accurate description, and his description was incorporated in the deed delivered to the plaintiff by the defendants. In the deed the line which appeared in the contract as 189 feet appeared as 160 feet. The latter distance was correct, and in view of the other lines and their courses it was a mathematical impossibility to have this line longer than as stated in the deed. After the deed had been recorded and returned to plaintiff he complained of the shortage of the line. It also appeared that plaintiff executed a mortgage and received a title policy when the deed was signed, and that in these papers the line was stated as being 160 feet. There was no evidence that plaintiff ever made the slightest effort to ascertain the result of Mr. Albright's survey and description. Plaintiff claimed that it was represented to him that the land described in the deed was the same as that in the contract. This was denied. *Held,* that the evidence was insufficient to submit to the jury on the question of fraud.

Argued Oct. 5, 1904. Appeal, No. 242, Oct. T., 1903, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1902, No. 1, on verdict for plaintiff in case of Joseph Schmitz v. William T. B. Roberts and Forest H. Roberts, trading as William T. B. Roberts & Son. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and MORRISON, JJ. Reversed.

Trespass for deceit. Before BRÉGY, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $400. Defendant appealed.

*Error assigned*, among others, was in refusing binding instructions for defendant.

*Ruby R. Vale*, with him *Alexander & Magill*, for appellant.— While it is admitted that the terms of the agreement of sale or of the deed or mortgage may be varied or even contradicted as to the consideration or the land conveyed, or any material conditions, yet this can be done only when the evidence of the fraud practiced upon the party to a deed by which he was induced to sign it in ignorance of its contents is clear, concise and indubitable ; otherwise it should be withdrawn from the jury, and therefore it has been uniformly held error to submit to a jury the question of fraud upon the uncorroborated evidence of the plaintiff to overthrow a written instrument : Penna. R. R. Co. v. Shay, 82 Pa. 198; Thorne v. Warfflein, 100 Pa. 519; R. R. Co. v. Swank, 105 Pa. 555 ; Kane v. Traction Co., 186 Pa. 145; Hoffman v. R. R. Co., 157 Pa. 174 ; DeDouglas v. Traction Co., 198 Pa. 430.

The relation of vendor and purchaser is not one of confidence : Graham v. Pancoast, 30 Pa. 89 ; Kintzing v. McElrath, 5 Pa. 467 ; Hazlett v. Powell, 30 Pa. 293.

It is a well recognized rule of law that if a party who can read will not read a deed put before him for execution, or if being unable to read will not demand having read or explained to him, he is guilty of supine negligence which is not a subject to relief either in equity or in law : Craft v. Phillips, 4 Penna. 45 ; Greenfield's Estate, 14 Pa. 489; Pottsville Mut. Fire Ins. Co. v. Fromm, 100 Pa. 347.

*Clifton Maloney*, with him *Andrew J. Maloney*, for appellee.— The deceit alleged is in the conduct of the defendants throughout the entire transaction, and the fact that they kept the defendant in ignorance of the mistake, and made the application to the title company in such a way as not to call its attention thereto, are certainly very suspicious circumstances : Griswold v. Gebbie, 126 Pa. 353.

The plaintiff does not seek to contradict or vary any written instrument.

The evidence as to the conversation at and before the signing of the contract were properly admitted : Easton Power

Co. v. Ry. Supply Co., 22 Pa. Superior Ct. 538; Foster v. Mc-Craw, 64 Pa. 464; Lycoming Mut. Ins. Co. v. Sailer, 67 Pa. 108.

The plaintiff's claim is not defeated by an alleged negligence on his part: Flagler v. Pleiss, 3 Rawle, 345; Land Imp. Co. v. Mendinhall, 4 Pa. Superior Ct. 398; Sutton v. Morgan, 158 Pa. 204; Lake v. Weber, 6 Pa. Superior Ct. 42.

The plaintiff testified that he signed and accepted the deed only on the defendant's assurance that it was according to the contract. Where one protects himself before signing by obtaining a direct representation as to the contents of paper, he is not negligent in failing to read it: Resh v. Bank, 93 Pa. 397; Volkmar v. Ervin, 3 W. N. C. 291.

OPINION BY MORRISON, J., November 21, 1904:

This is an appeal by the defendants from the judgment of the court below in an action in deceit. In May, 1902, the plaintiff was residing as tenant upon a lot of land owned by the defendants, located in Glenside, Abington township in the county of Montgomery. The plaintiff had resided upon this land for some time and was necessarily quite familiar with its location. On May 2, 1902, a written contract between the parties was executed and delivered wherein the plaintiff agreed to purchase from the defendants the said lot of land with the improvements thereon for the price of $3,000. In said agreement the land was described as "beginning at the point of intersection of the southwesterly side of the Jenkintown road and the southeasterly side of Tyson avenue; thence extending southwestwardly along the southeasterly side of Tyson avenue 222 feet, ten and one-eighth inches to a point; thence southeastwardly on a line at right angles to Tyson avenue the distance of 150 feet to a point; thence northeastwardly on a line parallel with Tyson avenue the distance of 165 feet, five and five-eighths inches to the southwesterly side of Jenkintown road; thence northwestwardly along the southwesterly side of Jenkintown road 189 feet, two and one-half inches to the place of beginning. (Accurate description to be furnished by Chester E. Albright, C. E.) Together with three story dwelling thereon erected."

Subsequently, in accordance with the agreement, Mr. Al-

bright prepared an accurate description of the lot and his description was incorporated in a deed of conveyance from the defendants to the plaintiff, dated May 15, 1902.   The difference between the description contained in the contract and the one furnished by Mr. Albright, contained in the deed, is the length of the line on the Jenkintown road.   In the contract this line is given as 189 feet, two and one-half inches, while in the deed the same line is but 160 feet, seven and one-quarter inches. The latter distance is correct and in view of the other lines of the lot and their several courses it is a mathematical impossibility to have said line longer than as stated in the deed.   At the time of the execution and delivery of the deed the plaintiff paid part of the purchase money, executed bond and mortgage for the balance and delivered the same and received the deed, signed it and caused it to be recorded and accepted a policy from the Land Title and Trust Company insuring his title.   In all of these papers, except the original contract, the line of the lot on the Jenkintown road is stated as being 160 feet seven and one-quarter inches.   Sometime after the plaintiff's deed had been recorded and returned to him he complained that his lot was only 160 feet in front on the Jenkintown road and insisted by the terms of the agreement he should have a frontage of 189 feet on said road.   As a result of this claim this action in deceit was brought for the recovery of the damages he alleged he had suffered by reason of the said line being about twenty-nine feet shorter than the parties assumed it to be when they made the contract.

The learned trial judge submitted the question to the jury and permitted a recovery of $400 damages in favor of the plaintiff and entered judgment thereon.   The defendants have filed six assignments of error and have discussed all of these assignments.   In our opinion the important and controlling question is raised by the sixth assignment which is : " Because the learned court erred in refusing the defendant's only point which was as follows : the learned court is requested to charge the jury that under all the evidence in this case the verdict must be for the defendant."

Upon a careful examination of the evidence we are of the opinion that it was not sufficient to justify the court in submitting the question of deceit or fraud to the jury.   At the

time the contract was made the plaintiff was residing on the land which he purchased. His own testimony concedes that all of the lines, except the one on the Jenkintown road, are the same in the contract, the deed and the mortgage. His testimony further concedes that he got the lot which he purchased, his only complaint being that it was not as wide on the Jenkintown road as he supposed it to be and as it was stated in the contract. But it was a physical impossibility to have this line longer than 160 feet, seven and one-quarter inches and leave the other lines as they were located in all of the papers. Practically all of the evidence tending at all to show any deceit is embraced in the contract and the plaintiff's own testimony. Standing against this is the positive testimony of the defendants contradicting the plaintiff's testimony in which he alleges he was deceived. Moreover there is in the contract that an accurate description was to be furnished by Chester E. Albright. The plaintiff should have inferred from this that the description in the contract might not be found accurate. Then he accepted the deed and executed the bond and mortgage and accepted his title insurance policy in each of which papers this line was plainly stated to be only 160 feet, seven and one-quarter inches in length.

If the plaintiff had used ordinary care and had either read these papers or had them read to him it would have been impossible for the defendants to have deceived him even if they had desired so to do. The plaintiff being flatly contradicted in his testimony which tends to show deceit and this contradiction being supported, practically, by all of the papers we do not think he presented a case which ought to have been submitted to the jury. He came before the court and jury, in effect, asking to be permitted to recover damages because one of the four lines of the land was not twenty-nine feet longer than it possibly could be and still maintain the accuracy of the other three lines which are conceded in all of the papers and by all of the testimony to be correct. We are unable to discover more than a scintilla of evidence of deceit.

At the trial the plaintiff or his counsel evidently felt the weight of the provision in the contract that an accurate description was to be furnished by Chester E. Albright. It must also have occurred to the plaintiff that his failure to ascertain

from Mr. Albright, before closing the transaction, the length
of this line was a strong point against his contention.   To
meet this the plaintiff testified that he asked Mr. Roberts the
meaning of the reference in the contract to Mr. Albright and
that Mr. Roberts told him a difference of five inches.   This
testimony is flatly contradicted by Mr. Roberts who in substance
says there was no such conversation.   But it was not a state-
ment of a fact which ought to deceive anyone.   At most it
was, under the circumstances, only Mr. Robert's opinion.

In addition to what has been said about the papers the testi-
mony is clear that when the original contract was made the
parties had a plot or plan of the lot before them and that it
correctly designated the disputed line as 160 feet, $7\frac{1}{4}$ inches.
But there was an outside line on the plot not intended to
represent the line of the lot which indicated 189 feet.   It is
therefore evident that a mistake was made in drawing the con-
tract.   But how can the plaintiff allege deceit when he agreed
that Mr. Albright should prepare an accurrate description and
this was done and said description was incorporated in all of
the papers.   And there is not a scintilla of evidence that the
plaintiff ever made the slightest effort to ascertain the result of
Mr. Albright's survey and description.

In view of all the facts and circumstances disclosed by the
evidence the inference is irresistible that the plaintiff was sat-
isfied with his deed and his title insurance and that he knew
he was getting the entire lot and that there was no deception
practised upon him, nor can we discover any sufficient evi-
dence of an attempt to deceive him.   Concede that the plain-
tiff was told that the land described in the deed was the same
as in the contract yet, under the circumstances, such statement
was not deceitful or fraudulent.

We think the plaintiff stands in the position aptly described
in Insurance Company v. Fromm, 100 Pa. 347.   In that case
Mr. Justice GREEN in delivering the opinion of the Supreme
Court says (p. 354) : " Had he been ignorant of the contents
of the application, which he does not allege, we see no reason
why, in these circumstances, he should not be subject to the
ordinary rule that 'if one who is about to execute an instrument
can read and neglects to do so ; or being blind or illiterate
chooses to act without requiring the contents to be made

known to him, he will be bound to it though it turn out contrary to his mind.' " Citing Greenfield's Estate, 14 Pa. 489.

Counsel for the plaintiff cites and seems to rely upon the following cases : Flagler v. Pleiss, 3 Rawle, 345; Sutton v. Morgan, 158 Pa. 204; Braunschweiger and Manning v. Waits, 179 Pa. 47, and our own case of Max Meadows Land and Improvement Company v. Mendinhall, 4 Pa. Superior Ct. 398. In our opinion these cases and the line of cases to which they belong do not rule the present case. Flagler v. Pleiss simply holds that in an action of ejectment parol evidence is admissible to prove that the vendor fraudulently omitted a portion of the land which ought to have been included in the deed. It is to be presumed in that case the law would require the parol testimony to be clear and satisfactory. Sutton v. Morgan was a bill to rescind a contract for the sale of land and it has no application to a case where the land had been fully conveyed and the transaction closed by the payment or security of the purchase money. Braunschweiger and Manning v. Waits was an action for the recovery of the purchase money of land and the question was whether the vendee was induced to purchase by false representations of the vendor and this case is readily to be distinguished from our case. Meadows Land and Improvement Company v. Mendinhall was a suit brought for the recovery of a promissory note given in payment of deferred installments of purchase money due on real estate and our decision was upon the sufficiency of an affidavit of defense, and therefore, that case does not rule a suit brought in assumpsit or deceit to recover back from the vendor a portion of the purchase money or damages growing out of fraudulent representations.

Possibly, if the present case had been an action to recover purchase money, the plaintiff's version of the transaction might have been moulded into a sufficient affidavit of defense to prevent a summary judgment. But if that be conceded, which is not done, it does not by any means follow that the evidence upon which the plaintiff relied, when considered with all of the other evidence, was sufficient to carry the case to a jury.

Where the purchase of real estate is fully closed by conveyance and payment or security of the purchase money, the law is well settled that a vendee who does not offer to rescind and

reconvey the property to his vendor can only recover where his evidence makes a clear strong case.   Where he holds fast to the property purchased and seeks to recover back a portion of the purchase money or damages there is a strong presumption that his deed conveyed what he purchased and the burden rests heavily upon him to overcome this by sufficient testimony. The law will not permit him to recover in such case on weak and unsatisfactory evidence : Landreth v. Howell, 24 Pa. Superior Ct. 210.

We sustain the sixth assignment of error and the judgment is reversed.