# Fidelity & Casualty Company of New York, Appellant, *v.* Apolinary Gizynski.

*Affidavit of defense—Sufficiency—Reply to new matter in affidavit of defense—Act of March 30, 1925, P. L. 84.*

A plaintiff who, though not ruled to do so, files a reply to new matter set forth in the affidavit of defense, does not thereby waive his right to move for judgment for want of a sufficient affidavit of defense. The filing of such reply is rendered compulsory by the Act of March 30, 1925, P. L. 84, providing that new matter shall be taken as admitted unless denied in plaintiff's reply.

*Negotiable instruments—Promissory notes—Holder for value—Accommodation endorsed—Purchase after maturity—Act of May 16, 1901, P. L. 194, section 58—Affidavit of defense—Insufficiency.*

In an action by a holder for value of promissory notes against an accommodation endorser, the statement of claim sufficiently averred that the holder in due course took the notes in good faith for value before they were due, without notice of any defects. In such case, the mere denial in an affidavit of defense that the notes were so received and an averment that the holder had notice is insufficient.

The fact that plaintiff purchased the notes after maturity is immaterial, there being no denial that plaintiff was assignee for value from one who was a holder in due course for value before maturity.

Under the Negotiable Instruments Act of 1901, section 58, an accommodation endorser is liable to a holder for value, although the holder knew the endorsement was for accommodation only.

An averment that a truck which was assigned as collateral was so'd for more than sufficient to pay the note, is insufficient as an averment of payment, where no details as to the sale are given.

Argued October 27, 1927. Appeal No. 294, October T., 1927, by plaintiff from order of C. P., No. 3, Philadelphia County, March T., 1927, No. 9937, in the case of the Fidelity & Casualty Company of New York v. Apolinary Gizynski. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit on promissory notes. Before FERGUSON, J.

Rule for judgment for want of sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the discharge of the rule.

*William G. Wright,* and with him *Robert P. F. Maxwell* and *George F. Blewett,* for appellant.—The filing of a reply did not waive the right to move for judgment for want of a sufficient affidavit of defense: Federal Sales Co. v. Farrell, 264 Pa. 149; Fulton Farmers Ass'n. v. Bomberger, 262 Pa. 43. The averment merely denying that the holder of note was without notice of defects is insufficient: Wakely v. Sun Ins. Office, 246 Pa. 268; Morrison v. Whitfield, 46 Pa. Superior Ct. 103; Lenten Brick Co. v. Killen, 235 Pa. 144; Bank of Wesleyville v. Rose, 85 Pa. Superior Ct. 52.

No appearance and no printed brief for appellee.

OPINION BY GAWTHROP, J., March 2, 1928:

This is an appeal from an order discharging plaintiff's rule for judgment for want of a sufficient affidavit of defense. The action is in assumpsit against an accommodation endorser of certain negotiable promissory notes. The averments in the statement of claim material for our consideration are as follows: On or about July 10, 1925, Ranier Trucks Inc., leased an automobile truck to one Kosior for a term ending June 10, 1926, and as part of the transaction and for the securing of the payment of the rent reserved by the lease, Kosior executed and delivered to Ranier Trucks, Inc., nine promissory notes, each of which represented an installment due pursuant to the terms of said lease. On or about said date defendant endorsed

said notes and waived demand, presentment, protest and notice. On or about July 28, 1925, and before any of said notes fell due, Ranier Trucks, Inc., assigned the lease for a valuable consideration to Farmer & Ochs Company, a joint stock association of the State of New York, duly authorized to do a banking and financing business, and endorsed and delivered each of said notes for value to Farmer & Ochs Company, which took the same without notice of any defect therein and became a bona fide holder thereof. On or about July 31, 1925, Farmer & Ochs Company assigned said lease to plaintiff. Each of said notes was duly presented for payment at maturity at the place where the same was made payable, and payment was duly demanded and then and there refused. Thereafter, on or about December 3, 1926, said notes were assigned in writing and transferred to plaintiff by Farmer & Ochs Company for a valuable consideration, and plaintiff has continued to hold and own the same. The defenses set up in the affidavit of defense were, first, that before and at the time of the execution of said lease Ranier Trucks, Inc., by its representative and agent, in order to induce Kosior to enter into said lease, orally agreed to make certain alterations in the truck without charge to Kosior, but had failed and refused to do so; second, that defendant's endorsement of the notes was for the accommodation of the maker and that Ranier Trucks, Inc., had knowledge thereof; that in order to induce defendant to endorse said notes Ranier Trucks, Inc., agreed with defendant in a writing (duly pleaded) that in the event Kosior failed to meet the notes at maturity, Ranier Trucks, Inc., would repossess the truck and deliver it to defendant "to work out same as per agreement of endorser"; that defendant's agreement was to continue payments according to the terms of said lease, upon completion of which payments the truck was to become the property

of defendant; that there had been a default by Kosior in the payment of the notes and defendant notified Kosior and Farmer & Ochs Company, the holder of the notes, and Ranier Trucks, Inc., but that the latter had failed and refused to turn the truck over to defendant. The answer to the averment of paragraph eight in the statement of claim that on July 28, 1925, Ranier Trucks, Inc., endorsed and delivered the notes for value to Farmer & Ochs Company, which took the same without notice of any defect therein, is: "8. Denied. Farmer & Ochs Company took the notes referred to with notice of the matters set forth in paragraph five and six thereof." The other defense set up was that the truck "has been sold for a much larger sum than the amount claimed as due, to wit: for not less than $3,200. On June 2, 1927, plaintiff filed a reply to the new matter set up in the affidavit of defense. On June 21, 1927, it filed a rule for judgment for want of a sufficient affidavit of defense on the ground that none of the defenses averred were good against a holder of the notes in due course; that Farmer & Ochs Company was a holder in due course; that plaintiff as assignee took the rights of its assignor therein; and that the averment in the affidavit of defense as to notice to Farmer & Ochs Company was insufficient.

The court below discharged the rule upon the ground that plaintiff had waived its right to move for judgment for want of a sufficient affidavit of defense by voluntarily putting the case at issue by filing a reply, holding that plaintiff was not required to reply in view of the fact that defendant did not set up a counter-claim or set-off. In our view this was error. While it is true that no set-off or counter-claim was pleaded in the affidavit of defense and plaintiff would not have been required to file a reply, as the law stood prior to the approval of the Act of March 30, 1925, P. L. 84, amending sections two and six of the Prac-

tice Act, nineteen fifteen, the amending act provides that in cases governed by the Practice Act "the pleadings shall consist of the plaintiff's statement of claim, the defendant's affidavit of defense, and, where a set-off or counter-claim, or *new matter* is pleaded, the plaintiff's reply thereto. When the affidavit of defense, or, where a set-off or counter-claim, or *new matter* is pleaded, the plaintiff's reply thereto, is filed, the pleadings shall be closed and the case shall be deemed to be at issue, and no replication or formal joinder of issue shall be required. Every allegation of fact in ...... the defendant's set-off or counter-claim, or *new matter,* if not denied specifically or by necessary implication in the affidavit of defense, or plaintiff's reply, ...... shall be taken to be admitted," except in certain cases of which this is not one. Inspection of the affidavit of defense in the present case discloses that it sets up new matter. We refer to the collateral agreement and the violation thereof set up in the sixth paragraph thereof. Plaintiff treated this as new matter by filing a reply thereto and, in our view, was justified in doing so. Under the Act of 1925, this action was compulsory and not voluntary. This brings the case within the familiar rule reiterated in Federal Sales Co. v. Farrell, 264 Pa. 149, 152, that no waiver of the right to judgment for want of a sufficient affidavit of defense will be implied if plaintiff's action was made compulsory by statute or rule of court. It follows that the court below should have considered the question of the sufficiency of the affidavit of defense.

We are of one mind that it was insufficient to prevent judgment, as will appear by reference to a few well settled legal principles. Clearly neither the averment, that at the time of the execution of the lease for which the notes were given the lessor made a promise to Kosior to make certain alterations in the truck which was not fulfilled, nor the averment that the lessor in-

duced defendant to endorse the notes by a promise
that in the event Kosior failed to meet the notes at
maturity the lessor would repossess the truck and de-
liver it to defendant, which was not kept, constitutes
a defense against a holder in due course. The state-
ment of claim sufficiently avers that Farmer & Ochs
Company took the notes in good faith for value before
they were due without notice of any infirmity therein
or defect in the title of the person negotiating them.
These averments, if true, constituted it a holder in due
course under section 52 of the Negotiable Instruments
Law of May 16, 1901, P. L. 194, 202. There is no
denial of plaintiff's averment that it is an assignee
for value of the notes from Farmer & Ochs Company.
The fact that it purchased the notes after maturity is
not important. Even if a valid defense were shown
as against it, which is not the case, 'it is, since it is
not alleged to have acted illegally or fraudulently, pro-
tected by the fact that it derives its title through a
holder in due course: Lanahan v. Clark, 279 Pa. 297,
302; section 58 of the Negotiable Instruments Law,
supra. Of course, it is fundamental that an accommo-
dation endorser is liable on the instrument to a holder
for value, notwithstanding such holder at the time of
taking the instrument knew him to be only an accom-
modation party: Negotiable Instruments Law, section
29, supra. The answer of defendant to the eighth
paragraph of the statement of claim, which contained
averments constituting Farmer & Ochs Company a
holder of the notes in due course, is: "8. Denied.
Farmer & Ochs Company took the notes referred to
with notice of the matters set forth in paragraphs five
and six." This is wholly insufficient. The word
"denied" or a general denial of an allegation of the
statement of claim is insufficient: Fulton Farmers
Ass'n. v. Bomberger, 262 Pa. 43. In respect to the
averment that Farmer & Ochs Company took the notes
with notice of the matters set forth in paragraphs five

and six of the statement of claim, it is sufficient to
say that this is a bald conclusion of law without a
statement of the facts upon which the conclusion of
notice rests. It was the pleader's duty to state the
facts upon which defendant bases its averment of
knowledge or information to justify the conclusion so
that the court might determine whether the facts, if
proved, were sufficient to justify it. See Morrison v.
Whitfield, 46 Pa. Superior Ct. 103; Lenton Brick Co.
v. Killen, 235 Pa. 144; Bank of Wesleyville v. Rose,
85 Pa. Superior Ct. 52; Wakely v. Sun Ins. Office, 246
Pa. 268. The averment in paragraph thirteen of the
affidavit, that "defendant is informed, believes and,
therefore, avers that the said truck ...... has been
sold for a much larger sum than the amount claimed
as due, to wit: for not less than $3,200," is no better.
So far as appears by this averment, it might have been
sold by Kosior or by defendant. The manifest pur-
pose of this averment is to show payment of the notes
in suit. Under all the cases it is an entirely insufficient
averment of payment. It follows that the affidavit of
defense is insufficient and plaintiff is entitled under
the pleadings to have judgment entered in its favor
against defendant.

The order of the court below is reversed, and the
record is remitted with directions to enter a judgment
against the defendant, for such a sum as to right and
justice may belong, unless other legal or equitable
cause be shown to the court below why such judgment
should not be so entered.