## Roth Downs Manufacturing Company v. Profy.

*Isaac J. Vanartsdalen*, for plaintiff; *J. Leslie Kilcoyne*, for defendant.

KELLER, P. J., December 15, 1930.—The plaintiff seeks to recover from the defendant upon a written contract entered into by the defendant with the

plaintiff, designated as a "distributor's franchise," a copy of which is attached to the statement of claim and marked Exhibit A, for the sale and distribution of Orpheus radios manufactured by the plaintiff. The statement of claim avers that, agreeably to the terms of this contract, it delivered one Orpheus Conqueror All Electric Radio Console, with high grade dynamic speaker, less tubes, f. o. b. express company, St. Paul, Minnesota, consigned to the defendant at Bristol, Pennsylvania; that the same was shipped by said express company, c. o. d. $129.80, and in due time arrived at its destination; but that the defendant refused to receive the same from the express company; whereupon, after the expiration of sixty days, it was returned to plaintiff, under the interstate commerce regulations covering c. o. d. shipments, where it is being held subject to defendant's orders, of which defendant had due notice. The purchase price of this set, under the terms of the contract, is $164.80, and the terms of payment are cash with order, less 3 per cent. discount, net $159.86; or $35 cash with order, and demonstrator to be shipped under a c. o. d. of $129.80. Plaintiff further avers that at the time of the execution of this contract, the defendant paid $35 cash on account of said demonstrator, whereupon it was shipped c. o. d. $129.80. The agreement sued upon purports to be signed by "Profy's Radio Shop, Thomas Profy, purchaser," and by O. A. Matthews, Orpheus salesman. In the contract and immediately preceding the signature of the defendant is contained the following provision: "It is mutually understood that this franchise covers the entire agreement between us."

The defendant filed an affidavit of defense which is evasive, ambiguous and appears to be self-contradictory. Although he evasively denies having ever made application to the plaintiff for a distributor's franchise to distribute Orpheus radios manufactured by the plaintiff, he admits having signed an order for the trial and use of an Orpheus Conqueror All Electric Radio Console set for the purpose of demonstration, and a cash payment of $35 as a deposit at the time he signed the order, as well as his subsequent receipt from the plaintiff of a letter (Exhibit B of plaintiff's statement), purporting to be an acceptance and approval of the distributor's franchise agreement. He also admits the arrival of said demonstrator set by express at the office of the American Express Company at Bristol, consigned to him, and his refusal to accept the same.

Defendant does not specifically deny the execution by him of the written contract (Exhibit A, *supra*) upon which this suit is brought, or its fulfillment according to its terms by the plaintiff, but answers the same (paragraph two) as follows: "The defendant has no knowledge or means of obtaining knowledge as to whether or not plaintiff's Exhibit 'A' attached to and made a part of plaintiff's statement of claim is the paper which he signed through the inducements, promises and representations of the salesman or agent of the plaintiff." When a fact is averred in a statement of claim and not specifically denied in the affidavit of defense, the fact must be taken as admitted: Buehler *v.* U. S. Fashion Plate Co., 269 Pa. 428; Irwin *v.* Weikel, 282 Pa. 259. An averment of ignorance and demand for proof is not sufficient: Eberbach *v.* Clyde Steamship Co., 74 Pa. Superior Ct. 79; McGowan *v.* Lustig-Burgerhoff Co., 93 Pa. Superior Ct. 227.

Defendant contends that even if he did sign said contract he is not liable, because of a parol agreement entered into by him with the plaintiff's salesman, the said O. A. Matthews, by which he was induced to sign an order for the trial and use of an Orpheus Conqueror All Electric Radio Console set for the purpose of demonstration. He avers that the said plaintiff's sales-

man falsely and fraudulently represented to him that upon a deposit of $35 in advance, by the defendant, in evidence of his good faith, the plaintiff would ship said radio set to him, and if after a trial the same proved unsatisfactory, and he decided to return the set, he could do so and the $35 cash deposit was to be returned to him, and that, relying upon these representations, promises and inducements, he signed the order for a set for demonstration purposes. Defendant further avers that he was not informed that he was buying said set or that he was signing a contract for a distributor's franchise.

It is not open to question that, under certain circumstances, a contemporaneous oral agreement entered into as an inducement to the execution of a written contract and not inconsistent with it may be shown in defence to a suit upon a written contract: Keller v. Cohen, 217 Pa. 522; Noel v. Kessler, 252 Pa. 244; Federal Sales Co. v. Farrell, 264 Pa. 149; but it is equally well settled that where a written contract contains a stipulation that it constituted the entire agreement between the plaintiff and the defendant, such stipulation forms a material part of the contract. As was said in Gross v. Exeter Machine Works, Inc., 277 Pa. 363: "Parties having taken the precaution to put their agreement in writing may further safeguard their rights by such a stipulation as above quoted, otherwise a contracting party is powerless to protect himself against parol modifications of his solemn contract." See, also, Ridgeway Dynamo Co. v. Penna. Cement Co., 221 Pa. 160; Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379. This is just what was done in the matter before us, and where a written contract, as here, contains a stipulation that it constitutes the entire agreement between plaintiff and defendant, it will be binding upon the parties and parol evidence of a prior or contemporaneous oral agreement will not be admissible to vary, modify or contradict it. Although the affidavit of defense in this case alleges fraudulent misrepresentations on the part of the plaintiff's salesman in inducing defendant to sign the contract, in our opinion it does not aver such a fraud or misrepresentation as would avoid defendant's liability under this contract, under the circumstances. The defendant does not aver that he cannot read or that he had no opportunity to read the contract before he signed it. It was his duty to read the contract and familiarize himself with its provisions before affixing his signature. The mere statement by plaintiff's representative as to its contents did not relieve defendant from the obligation of ascertaining what the contract or order which he admits having signed contained before he executed the same. Written contracts are presumed to express the real agreement of the parties and are not lightly to be set aside on vague or uncertain inferences of fraud. A person cannot enter into a written contract, and when called upon to abide by its conditions say that he did not know what it contained. Before he can be relieved from his written contract upon the ground that fraud was practiced upon him in its execution, he must specifically allege sufficient facts from which the fraud may be clearly and indubitably inferred. All the more is this true where a person fails to exercise common prudence by failing to read the contract or agreement and familiarize himself with its terms before signing: Lewis v. Dunlap, 5 Pa. Superior Ct. 625; Leuten Brick Co. v. Killen, 235 Pa. 144.

We are of the opinion that the affidavit of defense in this case is insufficient and that the rule for judgment for want of a sufficient affidavit of defense must be made absolute.

And now, to wit, December 15, 1930, rule made absolute, and judgment is now entered in favor of the plaintiff and against the defendant for the sum of $129.80, with interest from July 17, 1929.