# Noble *versus* Kreuzkamp.

1. Where a married woman does business under a deed of trust and employs her husband to act as her agent in conducting the business, the husband is not liable for goods sold to him for the business of his wife by a party knowing of the deed of trust and of his agency.

2. An affidavit of defense to be effective must disclose a state of facts sufficient to exhibit the elements of a substantial defence, and while the facts should not be set forth in any equivocal or evasive manner but with precision, yet they need not be set forth in all their varied aspects, nor is it required that the manner in which the facts would be proved or the evidence by which they would be established should be stated.

October 27th, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas No 2, of *Allegheny county :* Of October and November Term, 1885, No. 60.

Assumpsit by W. A. Kreuzkamp against George Noble, late doing business as George Noble & Co.

The plaintiff filed an affidavit of claim in which he stated that the defendant doing business as George Noble & Co., was indebted to him, for a part of which indebtedness he held the defendant's acceptance, to wit:—

$89.00                          PITTSBURGH, Dec., 1883.

Sixty days after date pay to the order of W. A. Kreuzkamp

[Noble v. Kreuzkamp.]

eighty-nine dollars, value received, and charge the same to
the account of                              W. A. KREUZKAMP.
To NOBLE & Co.,              (Indorsed)  W. A. KREUZKAMP.
       Pittsburgh, Pa.        (Accepted) NOBLE & CO.

And that the balance of the indebtedness was due him for
goods sold and delivered to the defendant, all of which indebt-
edness remained due and unpaid.

The defendant filed his affidavit of defence stating his
defence to be as follows:—

1st. Affiant says that there is no such firm as set forth by
the plaintiff in this suit, and that he never was a member of
any such partnership as George Noble & Co.

2d. Affiant says he is not legally indebted to plaintiff in
any sum of money whatever.

3d. Affiant says that the plaintiff's acceptance filed and
made part of his affidavit of claim, is not the acceptance of
George Noble & Co., but shows an acceptance of Noble & Co.,
of which your affiant is not legally bound and cannot be held
liable, all of which affiant is able to prove.

The plaintiff took a rule for judgment for want of a suf-
ficient affidavit of defence.   On the return day of the rule,
and before argument, the defendant filed a supplemental affi-
davit of defence stating his further defence to be as follows:
that he never individually assumed the payment of above
plaintiff's claim, nor did he ever agree or promise the payment
thereof, and that he never was a member of the firm of
" George Noble & Co.," and that he never carried on or did
business as George Noble & Co., doing business as George
Noble.

Your affiant says at the time the debt in suit was con-
tracted deponent's wife, Mary Emma Noble, carried on the
said business under the name of Noble & Co., by virtue of a
Patterson deed of trust, duly recorded in the Recorder's
Office of Allegheny County, in vol.          , page          , and
that she and no other person was interested in the said firm
of Noble & Co., nor was any other person associated with her
in the said business.

Your affiant further says that he never purchased said goods
for himself, doing business as George Noble & Co., but that
the plaintiff well knew of said Patterson deed to his wife, as
aforesaid, and that he acted as her agent under said deed.

The deed of trust referred to was of like character to that
mentioned in the case of Holdship v. Patterson, 7 Watts 547.

The court made the rule for judgment for want of a suf-
ficient affidavit of defence absolute, and judgment was accord-
ingly entered.

[Noble *v.* Kreuzkamp.]

The defendant thereupon took this writ of error, assigning for error the making of said rule absolute, and entering judgment on the plaintiff's claim.

*S. M. Raymond*, for plaintiff in error.—Affidavits of defense are not required to be proof against criticisms. A reasonable intendment is to be made in their favor: Twitchell *v.* McMurtrie, 77 Pa. St. 383.

If the affidavit of defence avers that the defendant purchased as a known agent of another, it is sufficient to prevent judgment: Richardson *v.* P. & R. Coal & Iron Co., 39 Leg. Int. 99.

The instrument in writing does not on its face fasten liability on the defendant: Wall *v.* Dovey, 60 Pa. St. 212.

*John S. Ferguson*, for defendant in error.—The substance of the affidavits of defence is that, Mrs. Noble, a married woman not being a feme sole trader, carried on a business in which her husband acted as her agent, buying upon her credit.

Under this state of facts the husband would be liable: Mackinley *v.* McGregor, 3 Wh. 369; Bambergh *v.* Holley, 25 P. L. J. 146.

Mr. Justice CLARK delivered the opinion of the court, January 4th, 1886.

This suit was brought against George Noble for an individual indebtedness, which it was averred he contracted under the name of George Noble & Co. It was unimportant, perhaps, what was the precise name under which he was doing business at the time, whether as George Noble & Co., or Noble & Co.; the suit was against George Noble, and it devolved upon him, in his affidavit, "to state specifically and at length," such facts as would relieve him from responsibility for the claim.

The affidavit to be effective, must disclose a state of facts sufficient to exhibit the elements of a substantial defence; the facts should not be set forth in any equivocal or evasive manner, but with reasonable precision, so that the plaintiff may be accurately advised of the true nature of the defence, if any exists.

An affidavit must set forth facts specifically; mere general denials, or general averments, which involve questions of law as well as of fact, are insufficient. The several averments that the defendant " has a just, full, and legal defence," that he " is not legally indebted to the plaintiff in any sum of money whatever," that he "is not legally bound and cannot be held liable," are, therefore, by reason of their generality, when not connected with specific facts, insufficient to prevent

[Noble *v.* Kreuzkamp.]

judgment. The original affidavit was, we think, clearly insufficient.

But if the facts set forth in the original and the supplemental affidavits taken together are true, and we must assume that they are, a substantial defence is stated. They are, it is true, not set forth with that degree of precision and skill which is to be commended, but with sufficient clearness, we think, to serve the purposes of the rule.

The defendant says substantially, that he never did business, nor was member of any firm known as George Noble & Co.; that there is no such firm; that at the time the debt in suit was contracted, his wife, Mary Emma Noble, carried on the said business, in the name of Noble & Co., under a certain deed of trust which he calls a "Patterson deed of trust," and that she, and no other person, was interested in the firm, and no person was associated with her; that he did not purchase the goods for himself, as charged against him, but that the plaintiff well knew of the trust at the time, and that the affiant was acting as her agent under the deed.

Now it was only necessary for the defendant to develop a valid *prima facie* defence; the case was not required to be presented in all its varied aspects, in chief and in rebuttal, in the affidavit of defence. Nor was it required that the defendant should state the manner in which the facts would be proved, or the evidence by which they would be established: Kaufman *v.* Cooper Iron Co., 9 Out. 537. He does state that his wife conducted the business under a certain deed of trust, which it was undoubtedly competent for her to do; that he was her agent only, which he had a right to be; and that the plaintiff knew not only of the trust, but of the agency at the time. Now this we think, if true, was a valid defence, because in that case the goods were sold to the wife upon the credit of the trust, through the mere agency of the husband, and not to the husband or upon his credit. This was certainly sufficient, if established, to overcome the *prima facie* case, made by the affidavit of claim, and to send the case to a jury.

The judgment is reversed, and a procedendo awarded.