# Moul *v.* Pfeiffer, Appellant.

*Sale—Consideration—Failure of consideration—Horse—Replevin.*

A person who has given his promissory note for the purchase price of a horse cannot resist payment of the note, because of alleged failure of consideration by reason of the fact that the horse had been taken from him by a judgment in replevin, where it appears that the purchaser of the horse had permitted judgment to be entered against him by default, and it does not appear that the seller of the horse had been notified to defend the action, or had knowledge of its pendency.

Argued March 11, 1903. Appeal, No. 2, March T., 1903, by defendants, from judgment of C. P. York Co., Oct. T., 1901. No. 315, on verdict for plaintiff in case of Ellen J. Moul v. J. Q. Pfeiffer and E. A. Keasey. Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ. Affirmed.

Assumpsit on a promissory note.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $76.04.   Defendant appealed.

*Error assigned* was the refusal to admit the evidence referred to in the opinion of the Superior Court.

*John A. Hoober*, for appellants.

*E. D. Bentzel*, for appellee.

OPINION BY W. D. PORTER, J., October 5, 1903:

The defendants seek to avoid payment of their promissory note given to the plaintiff for the purchase price of a horse, and at the trial in the court below alleged failure of consideration. The horse had been sold by the plaintiff to Pfeiffer on March 30, 1901, and the note bore that date.   The defendants offered in evidence the record of an action of replevin, brought on June 5, 1901, by one Wallace against Pfeiffer, for the horse in question, the offer as made in the court below being stated to be " for the purpose of proving the docket entries, which show a judgment in replevin in favor of S. B. Wallace against John Q. Pfeiffer, the defendant in this action; to be followed by evidence that the horse in question was the horse for which this note was in part given, for the purpose of showing a partial failure of consideration for the note in question, and for the purpose of showing a judgment in rem, which would be notice to the plaintiff in this action."   The learned judge of the court below sustained an objection to this evidence, which ruling is now assigned for error.   The record offered in evidence showed that Pfeiffer had made no attempt at a defense in the action of replevin, and had permitted judgment to be entered against him in default of a plea.   There was no offer to show that the present plaintiff had been notified to defend that action, or had any knowledge of its pendency.   The record offered in evidence did not determine that the title to the horse which Pfeiffer acquired through his purchase from Ellen J. Moul was not good against all the world, it merely showed that Pfeiffer had, as against himself, by his own default, permitted Wallace to acquire title.   Ellen J. Moul has not had an opportunity to be

heard upon the question of her title, she is not now seeking to recover possession of the horse, she only asks that the defendants perform their promise to pay. It was not competent for the defendants to show that, at a date long after the sale, the purchaser had lost possession of the horse through an action of replevin, without at the same time offering to show that the result had been brought about through a defect in the title acquired by the sale.

The judgment is affirmed.