## Brian, Appellant, *v.* Merrill.

*Promissory notes—Affidavit of defense—Consideration—Fraud.*

In an action on a promissory note by an indorsee against the payee of the note, the payee filed an affidavit of defense in which he averred that he had purchased stock of a corporation and in payment of same had indorsed and delivered the note in suit to P. ; that the said stock had been issued to P. without consideration ; that there was no consideration for the payee's delivery of the note to P., " who fraudulently induced me (the payee) to deliver said note to him." There was no averment as to what were the grounds upon which the stock had been delivered without consideration, nor was there any averment as to what were the fraudulent inducements. P. received the note and delivered it to his son who indorsed it to plaintiff. The appellant averred that plaintiff was not a bona fide holder for value, but there was no offer to return the stock. *Held* that the affidavit of defense was insufficient.

Argued Oct. 13, 1903. Appeal, No. 75, Oct. T., 1903, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1903, No. 554, discharging rule for judgment in case of Alexander J. Brian v. William J. Merrill. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on a promissory note.
The note in suit was as follows :

" $500.00.          PHILADELPHIA, PA., Oct. 14, 1902.
" Four months after date I promise to pay to the order of William J. Merrill Five Hundred Dollars at 901 Arcade Building, Phila.
" Without defalcation for value received.
" No.—Due Feb. 16.
                    (Signed) " GEO. O. SHAKESPEARE. "

Indorsed : " Wm. J. Merrill, Geo. H. Dixon, Alex. J. Brian." Protested.

Defendant filed the following affidavit of defense :
I am the above-named defendant, and have a just and true defense to the whole of the plaintiff's claim in the above-recited case, the nature and character of which is as follows :

On or about October 20, 1902, I purchased from John W. Dixon, referred to in plaintiff's statement of claim, 5,000 shares of stock of Monitor Rock Mining, Milling and Power Company, a corporation, and as part of the purchase price therefor indorsed and delivered to John W. Dixon a certain promissory note of the form described in plaintiff's statement of claim. John W. Dixon thereupon delivered to me 5,000 shares of said stock.

Shortly thereafter I discovered that said stock had been issued by said company to the said Dixon without consideration, and have notice from said company that my title to said stock will be contested; of all of which the said John W. Dixon has had notice. There was no consideration for my delivering said note to said Dixon, who fraudulently induced me to deliver said note to him.

I am informed and believe, and expect to be able to prove on the trial of this cause, that neither George H. Dixon, referred to in plaintiff's statement of claim, nor plaintiff became a holder of this note in due course, or for value; that said George H. Dixon is the son of said John W. Dixon and had knowledge of the circumstances under which said note was gained by the said John W. Dixon from me; that the plaintiff is an attorney at law, practicing in the county of Philadelphia, and defendant believes that this suit is brought for the use and benefit of John W. Dixon, who is the real owner of said note, and not for the benefit of the plaintiff, who is merely a nominal holder; all of which I expect to be able to prove upon the trial of the above cause, if any such there shall be.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Max Herzberg*, for appellant.

*V. Gilpin Robinson*, for appellee.

OPINION BY BEAVER, J., December 19, 1903:

There is a specific averment in the defendant's affidavit of defense that the plaintiff is not a bona fide holder "in due course or for value of the note upon which the suit is founded."

We must consider the affidavit of defense, therefore, as though John W. Dixon, the payee in the note, was the real plaintiff. As between him and the defendant, is the affidavit sufficient? It alleges: "I purchased from John W. Dixon, referred to in plaintiff's statement of claim, 5,000 shares of stock of Monitor Rock Mining, Milling & Power Company, a corporation, and, as part of the purchase price therefor, indorsed and delivered to John W. Dixon a certain promissory note of the form described in plaintiff's statement of claim. John W. Dixon thereupon delivered to me 5,000 shares of said stock." There was, therefore, as between Dixon and the defendant, an executed sale of stock, the transaction being complete, except that the portion of the purchase money represented in the note in suit was not paid.

The defense alleged is:

"1. That said stock had been issued by said company to the said Dixon without consideration" and that defendant had "notice from said company that my (his) title to said stock will be contested, of all of which the said John W. Dixon has had notice."

"2. There was no consideration for my delivering said note to said Dixon who fraudulently induced me to deliver said note to him."

Upon what grounds does the defendant allege that the stock was issued to Dixon without consideration? Was it a gratuity? Was it issued fraudulently? What was the transaction between Dixon and the company which is characterized as without consideration? The facts should be set forth specifically. The allegation is vague and sets forth no facts upon which the legal mind can rest in determining whether or not the allegation of failure of consideration is substantial and sufficient to go to a jury.

As to the second allegation that there was no consideration for the delivery of the note, the affidavit itself contradicts this, inasmuch as it distinctly alleges that the note was given as part of the purchase price of stock which was actually delivered. There is added, it is true, an allegation that Dixon "fraudulently induced defendant to deliver said note to him." But what was the alleged fraudulent inducement? There is no hint as to what it was. It is true, of course, that fraud

vitiates whatever it touches but fraud is based upon facts and it is not sufficient to merely allege it, without stating the facts upon which the allegation is based.

The defendant seems to retain possession of and does not intimate any intention of returning the stock, or any portion of it, which he purchased and which was delivered to him by Dixon, as a consideration for the note in suit. It is clearly his duty, if desiring to rescind the contract, to return or offer to return at least so much of the stock as is represented by the note. He cannot retain the stock purchased by him and refuse payment therefor, even if in the future his title thereto might be invalidated. The allegation that the corporation which issued the stock will contest the validity of his title does not help his case, unless he surrenders or offers to surrender it, or at least so much of it as is represented by the note in suit.

We are clearly of the opinion that the affidavit is not sufficient and that the rule for judgment for want of a sufficient affidavit of defense should have been made absolute.

The judgment is reversed and the record remitted to the court below, with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.