## Morrison v. Whitfield, Appellant.

*Promissory notes—Consideration—Antecedent debts—Act of May 16, 1901, P. L. 194, sec. 25—Affidavit of defense.*

1. An indorsee who takes a promissory note for an antecedent debt, is a holder for value.

2. In an action on a promissory note, an affidavit of defense is insufficient to prevent judgment, which avers that the plaintiff, an indorsee, was fully aware of the fact that the defendant did not receive a consideration for the note in suit, without any declaration as to the facts upon which his conclusion rested, or as to any information from another person of such facts.

3. Where in a suit by an indorsee on a promissory note the affidavit of defense avers that the note was given as part consideration for a bowling alley purchased by the defendant from the payee and that the payee "sold defendant something which he did not own and defendant was obliged to surrender it to the proper and lawful owner," the court will enter judgment for want of a sufficient affidavit of defense, in the absence of any averment as to the facts on which the defendant's conclusion rested, and as to the circumstances relating to the surrender of the property.

Argued Dec. 16, 1910. Appeal, No. 278, Oct. T., 1910, by defendant, from order of C. P. No. 4, Phila. Co., Sept. Term, 1909, No. 1,024, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John C. Morrison v. W. George Whitfield. Before RICE, P. J.; HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit by indorsee on promissory note.

The defendant averred in his affidavit of defense:

That the note sued upon is a renewal of one given by defendant to the payee, Julius Hoffman, trading as Hoffman Brothers, as part consideration for a bowling alley purchased by defendant from Hoffman.

That there was no consideration given by Hoffman to defendant for said note because he sold defendant something which he did not own, and defendant was obliged to surrender it to the proper and lawful owner.

That the said Hoffman gave said note to the plaintiff for an antecedent debt, and received nothing of value for the same at the time he accepted said note and is not an innocent holder for value.

That deponent avers and believes and expects to be able to prove that at the time he, the plaintiff, took said note from Hoffman he was fully aware of the fact that deponent did not receive any consideration for the note in suit, and knew all the facts above stated as to the circumstances under which deponent gave said notes.

That deponent is not indebted to the plaintiff for or on account of said note or any other cause or thing.

All of which deponent believes and expects to be able to prove upon trial.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*De Forrest Ballou,* for appellant.—The affidavit of defense was sufficient: Moeck v. Littell, 82 Pa. 354; Hummelstown Brownstone Co. v. Knerr, 25 Pa. Superior Ct. 465; North Penn Iron Co. v. Bridge Co., 35 Pa. Superior Ct. 84; Morehead Bank v. Hernig, 220 Pa. 224; Gandy v. Weckerly, 220 Pa. 285; First Nat. Bank v. Lee, 223 Pa. 305.

*A. W. Horton,* with him *George G. Cookman,* for appellee.—The affidavit fails to set forth sufficient facts to show failure of consideration against the payee, if the suit had been by the payee, and is, of course, insufficient as to plaintiff, an innocent holder for value without notice: Moul v. Pfeiffer, 23 Pa. Superior Ct. 280; Krumbhaar v. Birch, 83 Pa. 426.

A purchaser of personal property who seeks to defend an action for the purchase money on the ground of a defect in vendor's title must show an eviction or an involuntary loss of possession.

There is no allegation that the plaintiff received notice

that there had been a failure of consideration, nor is it stated that the failure of consideration occurred before or after the plaintiff took the note.   The affidavit says merely that plaintiff was "aware of the fact."   Where or how he obtained his information is not stated: Carnegie Nat. Gas Co. v. Phila. Co., 158 Pa. 317; Newbold v. Pennock, 154 Pa. 591; Kaufman v. Cooper Iron Co., 105 Pa. 537; O'Connor v. Clark, 170 Pa. 318; First Nat. Bank v. Sollenberger, 2 Del. County Rep. 57; Gowen v. McPherson, 10 Phila. 358.

An indorsee who takes a promissory note "for an antecedent debt" is a holder for value: Du Bois v. Sturch, 39 Pa. Superior Ct. 348; Black v. Halstead, 39 Pa. 64.


OPINION BY HEAD, J., March 3, 1911:

The plaintiff sues as the indorsee of a promissory note in the usual form, signed by the defendant, a copy of the note being attached to the statement of claim.   The execution of the note is not denied.   The statement avers that the payee in said note "for a good and valuable consideration paid to him by John C. Morrison, the said plaintiff, at the county aforesaid and before its maturity, indorsed and delivered the said promissory note to the said plaintiff."

The affidavit of defense declares that the payee "gave said note to the plaintiff for an antecedent debt and received nothing of value for the same at the time he accepted said note."   Section 25 of the Act of May 16, 1901, P. L. 194, declares that "An antecedent or pre-existing debt constitutes value and is deemed such whether the instrument is payable on demand or at a future time." It is therefore admitted that the plaintiff became a holder for value before the maturity of the note.

The affidavit undertakes to aver, however, that the plaintiff, although he acquired the note for value before maturity, took it with notice that as between the payee and maker there was a failure of consideration.   The affiant states no facts whatever upon which his conclu-

sion of notice to the plaintiff rests, nor does he declare that he had received any information from any other person of such facts. His language is "that deponent avers and believes and expects to be able to prove that at the time the plaintiff took said note from Hoffman (payee) he was fully aware of the fact that the deponent did not receive any consideration for the note in suit." In Newbold v. Pennock, 154 Pa. 591, a case substantially like the one before us, the affidavit undertook to set up want of consideration as between maker and payee and then to aver notice of such failure to the indorsee. His averment was in the following form. "The affiant further alleges that he has abundant reason to believe that the note in controversy was not passed over to the plaintiffs in this action for value received, but that they simply hold the same for the purpose of collection, etc. . . . All of which matters and things the defendant expects to be able to prove on the trial of this cause." In holding the affidavit to be insufficient, Mr. Justice Mitchell, speaking for the court, said: Such defense (failure of consideration) must be specifically set up by the affidavit, and the established and approved form in which this should be done, is either to set forth the facts themselves affirmatively for the court to judge of, or if the affiant cannot state them of his own knowledge, that he is informed, believes and expects to be able to prove them. The defendant, or his counsel, who departs from this approved form, and substitutes another which he may think a full equivalent, does so at his own risk. What a suspicious defendant may consider abundant reason to question plaintiff's title, may fall far short of the legal requirements for the court." It would be difficult, in the light of that decision, to justify a reversal of the judgment entered by the learned court below, even if the affidavit were unobjectionable in other respects.

But does the affidavit disclose any facts from which the court could determine that the consideration of the note had failed? It is averred that the note in suit is a renewal

of a previous one made and delivered by the same maker to the same payee. How long a time had elapsed since the beginning of the transaction is left to conjecture. It is averred that the note was given "as part consideration for a bowling alley purchased by the defendant from Hoffman (payee)." The affidavit is silent as to the length of time that had elapsed since the purchase. It gives no facts as to the transfer of possession or the length of time during which the maker had the quiet use and enjoyment of the property. His conclusion that the consideration of the note had failed rests on his statement that the payee "sold defendant something which he did not own and defendant was obliged to surrender it to the proper and lawful owner." Upon what facts does the affiant predicate his conclusion that the payee did not own what he sold? Even if it were true in law and fact, it would not necessarily follow that the consideration of the note had failed. Had the payee been an attorney in fact, with authority from the real owner to sell, the averment of the affidavit might be technically true without any consequent impairment of the consideration. Or again, the averment might be literally true had the seller, at the time of the sale, had but a limited or conditional ownership in the property which later became complete and absolute. We think it was incumbent on the defendant, seeking to defend on that proposition, to aver the facts on which his conclusion rested.

Again he says he was obliged to surrender it (the property) to the proper and lawful owner. In what way was he obliged? If by any judicial proceeding against the payee or against the maker who had given notice to the payee, then such facts could and should be averred. As long ago as Krumbhaar v. Birch, 83 Pa. 426, it was said that "A purchaser of personal property who seeks to defend an action for the purchase money on the ground of a defect in the vendor's title, must show an eviction or an involuntary loss of possession." The same principle is thus stated in Moul v. Pfeiffer, 23 Pa. Superior

Ct. 280: "A person who has given his promissory note for the purchase price of a horse cannot resist payment of the note, because of alleged failure of consideration by reason of the fact that the horse had been taken from him by a judgment in replevin, where it appears that the purchaser of the horse had permitted judgment to be entered against him by default, and it does not appear that the seller of the horse had been notified to defend the action, or had knowledge of its pendency."

We must conclude therefore that the learned court below was right in determining that the affidavit of defense was insufficient to prevent judgment.

Judgment affirmed.