## Yancye v. General Finance Co., Inc., Appellant.

*Assumpsit—Consideration—Failure of—Bailment lease—Replevin—Involuntary loss—Possession.*

In an action of assumpsit by a lessee of an automobile to recover rent paid to the lessor, the plaintiff alleged failure of consideration, the car having been taken from him on a writ of replevin by a third party. The only evidence offered to prove an involuntary loss was the writ of replevin, the taking of the car by the Sheriff, and affidavits of purchase of the car made by the third party and filed in the State Highway Department, at a time subsequent to the lease.

In such a case, the evidence was insufficient to prove a superior right or title to the automobile in the third party, and a finding for the plaintiff will be reversed.

Argued October 7, 1926. Appeal No. 47, October T., 1926, by defendant, from judgment of M. C. Philadelphia County, January T., 1925, No. 356, in the case of Louis Yancye v. General Finance Co., Inc. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

**406    YANCYE v. GEN. FINANCE CO., Appellant.**

Statement of Facts—Opinion of the Court.    [89 Pa. Superior Ct.

Assumpsit to recover money paid on account of a bailment lease. Before Brown, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for plaintiff in the sum of $604.37 and entered judgment thereon. Defendant appealed.

*Errors assigned,* were to the various rulings on evidence.

*David S. Malis,* for appellant.—Plaintiff failed to prove a breach of a lease: Bowersox v. Weigle & Myers, 77 Pa. Superior Ct. 367; 6 Corpus Juris, page 1142 and 1110.

*Benjamin H. Leiterman,* and with him *Samuel P. Cohen,* for appellee, cited: Meyercord Co. v. Gwilliam Mfg. Co., 85 Pa. Superior Ct. 38; Galligan v. Heath, 260 Pa. 457; Salicone v. Peterson Motors, Inc., 82 Pa. Superior Ct. 153; Tasin v. Bastress, 268 Pa. 85.

Opinion by Linn, J., December 10, 1926:

On March 8, 1923, appellant leased an automobile to plaintiff. About two weeks later, it was taken from him on a writ of replevin obtained by the Philadelphia Auto Finance Company, Inc. Plaintiff then alleging failure of consideration as ground of recovery, brought this suit to get back the rent paid on account. The court, trying the case without a jury, found for the plaintiff, apparently on the ground that the evidence showed that title and right to possession of the car were in the Philadelphia Auto Finance Company, Inc., at the time it was leased to plaintiff by defendant.

We agree with appellant that the evidence does not support the finding. Without more, the offer of the writ of replevin together with the evidence that the sheriff took the car from the plaintiff pursuant to the

writ, was insufficient to prove a superior right or title
in the Philadelphia Auto Finance Company, Inc. "As
long ago as Krumbhaar v. Birch, 83 Pa. 426, it was
said that 'A purchaser of personal property who seeks
to defend an action for the purchase money on the
ground of a defect in the vendor's title, must show
an eviction or an involuntary loss of possession.' The
same principle is thus stated in Moul v. Pfeiffer, 23 Pa.
Superior Ct. 280: 'A person who has given his promis-
sory note for the purchase price of a horse cannot re-
sist payment of the note, because of alleged failure of
consideration by reason of the fact that the horse had
been taken from him by a judgment in replevin, where
it appears that the purchaser of the horse had per-
mitted judgment to be entered against him by de-
fault, and it does not appear that the seller of the
horse had been notified to defend the action, or had
knowledge of its pendency.' '': Morrison v. Whitfield,
46 Pa. Superior Ct. 103, 107. That rule is applicable
in a suit to get back money so paid. We then inquire
what else the record contains to aid in establishing
such involuntary loss of possession.

The evidence is that plaintiff had some negotiation
for the purchase of the car with Thomas Orr, who,
finding plaintiff was unable to pay at once for the
car, took him to defendant to enable him to apply for
aid in financing the purchase. That resulted in the
arrangement by which defendant leased the car to
plaintiff.

The only evidence offered for the purpose of show-
ing that the Philadelphia Auto Finance Company,
Inc., had any right to take the car from plaintiff was
a paper certified by the Secretary of Highways as a
copy of the affidavits of the vendor and vendee made
on the blank form of application issued by the State
Highway Department pursuant to sec. 3 of the Act
of June 30, 1919, P. L. 678, amended May 16, 1921, P,

L. 582, purporting to show a sale of the car by Thomas Orr on February 20, 1923, to the Philadelphia Auto Finance Company, Inc. According to the secretary's certificate, if we understand it, that would seem to have reached the Department on the 14th of March, some time after the lease to plaintiff was made. The record also contains copies certified by the Secretary of Highways of vendor and vendee affidavits dated respectively March 6, 1923, and March 13, 1923, purporting to show a sale by Thomas Orr to appellant, but as the certificate states they were "issued March 2, 1923, showing sale of" the car in question, there would seem to be some error of date. For the purpose of disposing of this appeal, the point is immaterial, and we call attention to it only because the case goes back for retrial. It is obvious that the affidavits of the purchase by the Philadelphia Auto Finance Company, Inc., filed in the State Highway Department on March 14, 1923, (on the general effect of which we are not now called to pass) cannot affect the title of plaintiff or defendant acquired before that date in the absence of timely notice, and there is no evidence that either knew of that purchase. What was offered did not constitute proof of prima facie title and right to possession in the Philadelphia Auto Finance Company, Inc.

Judgment reversed and a new trial awarded.