## Clayton Title and Trust Company v. National Wiping Cloth Co., Appellant.

*Negotiable instruments—Trade acceptance—Affidavit of defense— Insufficiency.*

In an action of assumpsit on a trade acceptance, an affidavit of defense averring fraud is insufficient which fails to set forth the facts and circumstances sufficiently to sustain an averment that the acceptances were fraudulently obtained.

It is not enough to aver that the instrument was obtained by fraud. Bare allegations of fraud are not a defense.  The facts and circumstances constituting the alleged fraud must be stated in detail, so that the court may determine whether, if proved as alleged, they would amount to a fraud and constitute a defense to the action.

An affidavit of defense is insufficient which gives no details whatever; none of the facts relative to the contract between the parties, whether oral or in writing, the kind or character of the alleged work, when and where performed, and whether the work was accepted or rejected.

An affidavit of defense which does not state facts but only general conclusions is insufficient to prevent judgment.

Argued October 13, 1927.  Appeal No. 191, October T., 1927, by defendant from judgment of M. C. Philadelphia County, September T., 1926, No. 82, in the case of Clayton Title and Trust Co. v. Andrew Di Dio,

Joseph DiDio, trading as the National Wiping Cloth Co. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on Trade Acceptance. Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The Court made absolute the rule. Defendants appealed.

*Error assigned* was the decree of the Court.

*Meyer Emil Maurer,* and with him *Hirschwald & Goff, for* appellant.

*William T. Aldrich, Jr.,* and with him *Samuel Gordon,* for appellee.

OPINION BY KELLER, J., December 15, 1927:

This was an action of assumpsit brought by a trust company, the holder, upon two trade acceptances, drawn by Charles Eckhold, Jr. on the National Wiping Cloth Company, and accepted by the appellants, trading under that name.

The trade acceptances were in effect bills of exchange; on their face the obligation of the acceptors arose out of the purchase of goods from the drawer. By accepting them the appellants became the primary obligors, and engaged to pay them according to the terms of their acceptance: Negotiable Instruments Act of 1901 (May 16, 1901, P. L. 194, Sec. 62).

Appellants attempted to defend on the ground of fraud, but their affidavit of defense failed to set forth the facts and circumstances sufficiently to sustain an averment that the acceptances were fraudulently obtained. It is not enough to aver that the instrument

was obtained by fraud. Bare allegations of fraud are not a defense. The facts and circumstances constituting the alleged fraud must be stated in detail, so that the court may determine whether, if proved as alleged, they would amount to a fraud and constitute a defense to the action: Matthews v. Long, 3 W. N. C. 512, 513; Superior Nat. Bank v. Stadelman, 153 Pa. 634, 637; Noble v. Kreuzkamp, 111 Pa. 68, 70; Morrison v. Whitfield, 46 Pa. Superior Ct. 103, 107; Brian v. Merrill, 23 Pa. Superior Ct. 629, 631; 5 Uniform Laws Annotated, p. 160.

The allegations in this affidavit that the drawer had "falsely represented to the plaintiff [sic] that he had done work of a certain value and intended to do other work for them; that he knew at the said time that he had not done work of the value represented and did not intend to do any other work; that the defendants relying upon and believing the representation of the said Eckhold accepted the alleged trade acceptance as representing the value of the work done and the balance to be done and that they never have received any consideration for the said trade acceptance, to their damage," are too vague and indefinite to amount to a defense. No facts are sufficiently stated. The affidavit gives no details whatever; none of the facts relative to the contract between the parties, whether oral or in writing, the kind or character of the alleged work, when and where performed, the appellants' opportunity of examining the work before payment, whether the work was accepted or rejected—in short, it does not state facts but only general conclusions, and would be insufficient to prevent judgment in an action on the bills or trade acceptances by the payee. The averments of the supplemental affidavit are no better; they only state more emphatically that the plaintiff is not a holder in due course, but had knowledge of the alleged fraud. But as we have before stated, the aver-

ments of the affidavit do not measure up to a sufficient defense against the payee, let alone the holder.

We are not unmindful of the provision of Section 59 of the Negotiable Instruments Act, supra, that "when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course." The trouble with the affidavits of defense in this case is that they fail to show by proper averments that the title of the payee, Eckhold, was defective; they do not set forth sufficient facts to show that he obtained the instrument by fraud (Negotiable Instruments Act, sec. 55). Bare averments of fraud unsupported by a statement of the facts relied on to constitute the fraud are not sufficient.

The judgment is affirmed.